UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL GREENE,

                    Plaintiff,

     -against-

THE CITY OF NEW YORK, THE CITY OF NEW
YORK DEPARTMENT OF SOCIAL SERVICES,
AND THE CITY OF NEW YORK HUMAN
RESOURCES ADMINISTRATION,

                    Defendants.
------------------------------------------------------------------------X

Case No.  25 Civ. 0887

COMPLAINT

Plaintiff Demands a Jury Trial

      Plaintiff Michael Greene ("Plaintiff"), by and through his undersigned attorneys,

The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against The City

of New York, The City of New York Department of Social Services, The City of New

York Human Resources Administration (hereinafter referred to as "Defendants") and

alleges, upon personal knowledge as to himself, and upon information and belief as to

other matters, as follows:

## NATURE OF ACTION

1.     Plaintiff complains pursuant to the Rehabilitation Act of 1973, 29 U.S.C. 701 et

seq. ("Rehabilitation Act"), Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

("ADA"), New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.*

("NYSHRL"), New York City Human Rights Law, N.Y. City Admin. Code, § 8-101 *et*

*seq.*, ("NYCHRL"), and Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq.

("FMLA") and seeks declaratory and injunctive relief and damages to redress the injuries

Plaintiff suffered as a result of Defendants' violation of the Rehabilitation Act, ADA, NYSHRL, NYCHRL, and FMLA.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' Rehabilitation Act and ADA claims arise under the laws of the United States, i.e., 42 U.S.C. § 12101 et seq. and 29 U.S.C. 701 et seq., and 28 U.S.C. § 1337 because the rights contained in the ADA were created by congress using its power to regulate commerce.

3.     This Court has supplemental jurisdiction over Plaintiffs' New York State claims pursuant to 28 U.S.C. § 1367 because they are so related to the Rehabilitation Act and ADA claims in this action that they form part of the same controversy under Article III of the United States Constitution.

4.     This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PROCEDURAL PREREQUISITES

6.     In or around July 22, 2022, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission alleging that his Defendants discriminated against him based on his physical disability.

2

7.      In or around November 15, 2024, the Equal Employment Opportunity

Commission sent Plaintiff a right to sue letter.

8.      Plaintiff initiated the instant action within 90-days of receiving the right to sue

letter.

9.      Upon information and belief, within 10-days of commencing the instant action,

pursuant to N.Y. City Admin. Code § 8-502(c), Plaintiff sent a copy of the instant

complaint to the New York City Commission on Human Rights, via certified mail,

tracking no. 7019 2970 001 8561 7766.

10.     Upon information and belief, within 10-days of commencing the instant action,

pursuant to N.Y. City Admin. Code § 8-502(c), Plaintiff sent a copy of the instant

complaint to the Corporation Counsel of The City of New York Law Department, via

certified mail, tracking no. 7019 2970 001 8561 7733.

## PARTIES

11.     Plaintiff was born on October 18, 1988, and at all relevant times herein, resided in

Kings County.

12.     At all times relevant herein, Plaintiff has is, and has been, a "qualified individual"

as defined under 42 U.S.C. § 12111(8).

13.     At all times relevant herein, Plaintiff has is, and has been, an "employee" as

defined under N.Y. Executive Law § 292(6).

14.     At all times relevant hereto, Plaintiff has been an eligible employee within the

meaning of 29 U.S.C. § 2611(2).

15.     Defendant The City of New York is a municipal corporation duly organized and

existing under the Constitution and laws of the State and City of New York.

16.     Defendant The City of New York Department of Social Services (hereinafter

"DSS") is a mayoral agency of The City of New York organized and existing under the

New York City Charter, Chapter 24 §§ 601 *et seq.* and the New York City Administrative

Code, Title 21, §§ 21-101 et seq.

17.     The New York City Department of Social Services (DSS) is comprised of the

administrative units of the NYC Human Resources Administration (HRA) and the

Department of Homeless Services (DHS).

18.     DSS' mission is to fight poverty and income inequality by providing essential

benefits to New Yorkers in need.

19.     HRA was created, pursuant to New York City Executive Order No. 28, dated

August 15, 1966, in order to coordinate and administer the varied New York City

programs dealing with poverty and social services.

20.     HRA is a New York City agency that provides economic support and social

services to families and individuals through the administration of major benefit programs

including Cash Assistance, Supplemental Nutritional Assistance Program benefits (food

stamps), Medicaid, and Child Support Services.

21.     HRA also provides homelessness prevention, educational, vocational and

employment services, assistance for persons with disabilities, services for immigrants,

civil legal aid and disaster relief.

22.     For the most vulnerable, it provides HIV/AIDS Services, Adult Protective

Services, Home Care and programs for survivors of domestic violence. To provide such

support and services, HRA employs over 13,500 workers and has offices and facilities

throughout New York City.

23.     Through integrated management for HRA and DHS, client services can be provided more seamlessly and effectively. The City leverages shared services functions across agencies, which results in better day-to-day management and building an integrated mission across agencies.

24.     At all relevant times herein, Defendants are individually and collectively a "covered entity" as defined under 42 U.S.C. § 12111(2).

25.     At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer" as defined under 42 U.S.C. § 12111(5).

26.     At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer" as defined under N.Y. Executive Law § 292(5).

27.     At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer" as defined under N.Y. Admin. Code § 8-102.

28.     At all times relevant hereto, Defendants have been an employer within the meaning of 29 U.S.C. § 2611(4).

29.     Defendants receive direct and indirect federal funding and are subject to the Rehabilitation Act.

## FACTUAL ALLEGATIONS

30.     Plaintiff has been continuously employed as an Eligibility Specialist, Level II, by Defendants since May 11, 2015. In this role, Plaintiff determines and substantiates both initial and continuing eligibility of individuals for public assistance programs administered by the Human Resources Administration/Department of Social Services, in compliance with applicable federal and state laws and regulations, utilizing computerized systems and equipment.

5

31.     Since 2016, Plaintiff has suffered from chronic back problems, including secondary scoliosis, postural kyphosis, and severe cervical and lumbar spine stenosis, which cause persistent pain and significant difficulty walking, standing, sitting, and lying down.

32.     On or around October 22, 2021, Plaintiff submitted a request for a reasonable accommodation to Defendant HRA, specifically seeking an ergonomic chair to address his disability, via Defendant HRA's intranet system. Plaintiff provided a copy of his request, including the doctor's note, to his supervisor, Ms. Bridgeman.

33.     In support of this request, Plaintiff submitted a doctor's note from Plaintiff's treating physician recommending the use of an ergonomic chair for computer work to alleviate his medical symptoms.

34.     Despite Plaintiff's follow-ups, no action was taken on his reasonable accommodation request until December 30, 2021, when Stephanie Grant, DSS/HRA Director of EEO, stated that the request was under review. Ms. Grant claimed that ergonomic chairs were already available at Plaintiff's work location and requested additional details from Plaintiff's doctor, including specific chair features, height, and weight, with a deadline of January 7, 2022.

35.     On January 4, 2022, Plaintiff submitted a letter from his doctor specifying that the ergonomic chair should be designed for a person who is 6'1" tall and 180 lbs., with a six-to-stand feature and adequate padding.

36.     Between January 26, 2022, and April 11, 2022, Plaintiff followed up on his reasonable accommodation request on at least two occasions, but Defendants refused to provide the requested reasonable accommodation. As a result, Plaintiff's medical

6

condition deteriorated, and he was unable to report to work, necessitating a Family

Medical Leave Act ("FMLA") request on April 19, 2022, for leave from April 20, 2022,

to May 6, 2022.

37.     On April 19, 2022, after Plaintiff submitted his FMLA request, Ms. Bridgeman

sent an email citing undocumented sick leave and absences, placing Plaintiff on

"Sanction Status" under Defendants' Employee Time and Leave policies. The following

day, Plaintiff's attorney sent an email to Ms. Bridgeman alleging harassment and

retaliation for seeking FMLA leave.

38.     On April 21, 2022, Plaintiff received an email from Defendant HRA's Reasonable

Accommodation Coordinator, Office of Equal Employment Opportunity, Rajun Jordan,

following up on Plaintiff's October 2021 reasonable accommodation request and

requiring additional medical documentation by April 28, 2022. Plaintiff was unable to

meet this deadline due to the unavailability of Plaintiff's medical provider.

39.     On May 20, 2022, Defendant HRA informed Plaintiff that he was deemed absent

without leave as of April 20, 2022.

40.     On May 23, 2022, Defendants denied Plaintiff's reasonable accommodation

request due to failure to submit the required materials.

41.     On or around May 27, 2022, Plaintiff informed his supervisor, Ms. Bridgeman,

that he was leaving work early due to severe pain caused by the inadequate ergonomic

chair that failed to meet his medical needs. Despite Plaintiff's explanation, Ms.

Bridgeman issued a disciplinary memorandum that same day, accusing Plaintiff of

leaving the workplace without her permission and mischaracterizing their conversation

by quoting him as saying, "I am leaving early because I can't sit in that chair all day."

42.     On or around June 2, 2022, Plaintiff, through counsel, disputed Defendant HRA's

May 20, 2022, letter accusing him of being absent without leave. Plaintiff alleged that his

inability to report to work was due to Defendant HRA's failure to provide a reasonable

accommodation—specifically, an ergonomic chair—and a bipolar episode, further

asserting that these actions constituted retaliation for engaging in protected activities.

43.     Aside from May 27, 2022, disciplinary memorandum, Defendant HRA also

retaliated against Plaintiff for engaging in protected activities by denying his requests for

religious accommodations.

44.     On June 3, 2022, Plaintiff requested a reasonable religious accommodation in the

form of a day off on June 6, 2022, and Defendants denied it on the grounds that Plaintiff

did not have sufficient accrued leave without considering whether a reasonable

accommodation could be provided without suffering an undue hardship.

45.     On June 6, 2022, Plaintiff did not report to work. Ms. Bridgeman issued a

disciplinary memorandum stating that Plaintiff's request for a reasonable religious

accommodation had been denied due to insufficient accrued leave and failure to submit

the request one-week in advance, without considering whether granting the

accommodation would impose an undue hardship.

46.     On or around June 8, 2022, Monica Torres, HRA Leave Consultant, sent Plaintiff

an email requesting that Plaintiff obtain a certification with clarification as to the duration

of Plaintiff's leave and to submit all medical documents to verify the need for leave. Ms.

Torres thereafter informed Plaintiff to submit the requested documents by June 20, 2022.

47.     On June 17, 2022, Ms. Bridgeman placed Plaintiff on "sanction status", effective
July 1, 2022, which required that Plaintiff produce a written statement from a licensed
healthcare practitioner with all requests for sick leave.

48.     On July 5, 2022, Plaintiff filed a request for Family Medical Leave for the period
beginning July 11, 2022, through October 1, 2022, using Defendant HRA's Employee
Online Request System.

49.     On August 1, 2022, Wakina Concepcion, a Leave Consultant with Defendant
HRA's Leave Absence Unit, informed Plaintiff, via email, that a decision on his FMLA
request was pending. She requested revised medical documentation, including a stamp
and effective date of Plaintiff's incapacity, and reminded Plaintiff that until an official
decision was rendered on Plaintiff's leave request, he was required to adhere to
Defendant HRA's Time and Leave Procedure.

50.     On or around September 15, 2022, Plaintiff submitted medical documentation
from Nishita Joshi, stating that he had been treated for thoracic spine pain from August
12, 2022, through September 14, 2202, and he was cleared to return to work.

51.     On May 22, 2023, Rajun Jordan, Defendant HRA's Reasonable Accommodation
Coordinator within its Office of Equal Employment Opportunity, sent Plaintiff an email
informing him that his request for a reasonable accommodation, which he identified as an
ergonomic chair and a standing desk for Plaintiff's work area, had been approved.

52.     The ergonomic chair that was provided did not address Plaintiff's medical needs,
as it was too small for his stature and did not meet the specifications outlined by his
doctor.

9

53.    Due to Defendant HRA's failure to provide a reasonable accommodation in the

form of an adequate ergonomic chair, Plaintiff was forced to get up periodically

throughout the day to alleviate the severe pain caused by his medical condition. This

necessity led Defendant HRA to issue disciplinary memorandums regarding Plaintiff's

need to walk, culminating in disciplinary conferences throughout 2023, including one on

August 1, 2023. These actions further demonstrate the retaliatory nature of Defendant

HRA's response to Plaintiff's medical condition and his requests for reasonable

accommodation.

54.    In or around August 14, 2023, Plaintiff stopped reporting to work because

Defendants refused to provide him with a reasonable accommodation, i.e., an ergonomic

chair.

55.    On or around May 24, 2024, Defendants retroactively terminated Plaintiff's health

insurance, effective October 31, 2023, leaving Plaintiff with tens of thousands of dollars

in unexpected medical bills and exacerbating the financial and emotional strain caused by

Defendants' actions.

56.    On or around July 30, 2024, Defendant HRA served Plaintiff with disciplinary

charges accusing Plaintiff of being absent without leave and informing Plaintiff that it

was seeking the termination of his employment.

57.    As a result of Defendants' discriminatory and retaliatory actions, Plaintiff has

suffered anxiety, stress, depression, emotional pain, loss of sleep, and strain in personal

relationships.

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## DISCRIMINATION UNDER THE REHABILITATION ACT
## (REASONABLE ACCOMMODATION, ADVERSE EMPLOYMENT ACTION,
## HARASSMENT)

58.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

59.    At all relevant times herein, Plaintiff was qualified for the position that he held,

having performed his job duties satisfactorily.

60.    At all relevant times herein, Plaintiff has had a "disability" as defined under 29

U.S.C. § 705(9).

61.    At all relevant times herein, Plaintiff has had a record demonstrating that he has a

disability.

62.    At all relevant times herein, Defendants were aware that Plaintiff had a record of

a disability and were aware of his physical limitations.

63.    Plaintiff's disability is a physical impairment that substantially limits one or more

major life activities, including walking, sitting, and performing essential job functions.

64.    Defendants regarded Plaintiff as having a disability, as defined under 29 U.S.C. §

705(9), and treated him as such in their employment practices.

65.    The Rehabilitation Act of 1973, 29 U.S.C. § 794 provides that:

> No otherwise qualified individual with a disability in the
> United States, as defined in section 705 (20) of this title,
> shall, solely by reason of his or her disability, be excluded
> from the participation in, be denied the benefits of, or be
> subjected to discrimination under any program or activity
> receiving Federal financial assistance or under any
> program…

11

66.      The protections within the Rehabilitation Act and the supporting Code of Federal

Regulations apply to Defendants and prohibit them from engaging in unlawful

employment discrimination on the basis of disability and/or perceived disability.

67.      Defendants discriminated against Plaintiff on the basis of his disability, and/or

perceived disability by failing to provide Plaintiff with reasonable accommodations,

subjecting him to adverse employment actions, and creating a hostile work environment,

in violation of the Rehabilitation Act.

68.      As a direct and proximate result of Defendants unlawful discriminatory conduct,

in violation of the Rehabilitation Act, Plaintiff has suffered and continues to suffer severe

mental anguish emotional distress, and physical harm.

69.      Due to Defendants' violations of the Rehabilitation Act, Plaintiff is entitled to

recover a recover back pay, compensatory damages, punitive damages, and reasonable

attorneys' fees and costs.

70.      Plaintiff hereby makes a claim against Defendants under all applicable paragraphs

of the Rehabilitation Act.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## DISCRIMINATION UNDER THE ADA
## (REASONABLE ACCOMMODATION, ADVERSE EMPLOYMENT ACTION,
## HARASSMENT)

71.      Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

72.      At all relevant times herein, Plaintiff was qualified for the position that he held,

having performed his job duties satisfactorily.

12

73.     At all relevant times, Plaintiff has had a physical impairment that substantially

limits Plaintiff's ability to perform and/or engage in major life activities, as defined under

42 U.S.C. § 12102(1)(A), including walking, sitting, and performing essential job

functions.

74.     At all relevant times herein, Plaintiff has had a record demonstrating that he has a

"physical impairment" as defined under 42 U.S.C. § 12102(1)(B).

75.     At all relevant times herein, Plaintiff has had a record demonstrating that he has a

disability.

76.     Defendants regarded Plaintiff as having a physical impairment, as defined under

42 U.S.C. § 12102(1)(C).

77.     At all relevant times herein, Defendants were aware that Plaintiff had a record of

a physical impairment and were aware of his physical limitations.

78.     At all relevant times herein, Defendants regarded Plaintiff as having a disability.

79.     The ADA, § 12112(a), provides that:

> No covered entity shall discriminate against a qualified
> individual on the basis of disability in regard to job
> application procedures, the hiring, advancement, or
> discharge of employees, employee compensation, job
> training, and other terms, conditions, and privileges of
> employment.

80.     The protections within the ADA and the supporting Code of Federal Regulations

apply to Defendants and protect Plaintiff against unlawful employment discrimination on

the basis of disability and/or perceived disability.

81.     Defendants discriminated against Plaintiff on the basis of his disability, and/or

perceived disability by failing to provide Plaintiff with reasonable accommodations,

subjecting him to adverse employment actions, and creating a hostile work environment, in violation of the ADA.

82.     As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

83.     Due to Defendants violations of the ADA, Plaintiff is entitled to recover back pay, liquidated, compensatory, and punitive damages, and reasonable attorneys' fees and costs.

84.     Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the ADA.

**THIRD CLAIM FOR RELIEF**
**AGAINST DEFENDANTS FOR**
**DISCRIMINATION UNDER THE NYCHRL**
**(DISCRIMINATION, HARASSMENT, AND HOSTILE WORK ENVIRONMENT)**

85.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs in this complaint.

86.     N.Y. City Admin. Code § 8-101 provides that:

> In the city of New York, with its great cosmopolitan population, there is no greater danger to the health, morals, safety and welfare of the city and its inhabitants than the existence of groups prejudiced against one another and antagonistic to each other because of their actual or perceived differences, including those based on... disability...

87.     At all relevant times herein, Plaintiff has had a physical, medical, mental, or psychological impairment, as defined under N.Y. City Admin. Code § 8-102.

88.    At all relevant times herein, Plaintiff has had a history or record of a physical,

medical, mental, or psychological impairment, as defined under N.Y. City Admin. Code

§ 8-102.

89.    NYCHRL § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: For an
> employer or an employee or agent thereof, because of the
> actual or perceived age, race, creed, color, national origin,
> gender, disability, marital status, partnership status,
> caregiver status, sexual and reproductive health decisions,
> sexual orientation, uniformed service, height, weight, or
> immigration or citizenship status of any person:
>     (1)  To represent that any employment or position is
> not available when in fact it is available;
>     (2)   To refuse to hire or employ or to bar or to
> discharge from employment such person; or
>     (3)    To discriminate against such person in
> compensation or in terms, conditions or privileges of
> employment.

90.    The protections within the NYCHRL apply to Defendants and protect Plaintiff

against unlawful employment discrimination on the basis of disability and/or perceived

disability.

91.    At all relevant times herein, Plaintiff was qualified for the position that he held,

having performed his job duties satisfactorily.

92.    Defendants discriminated against Plaintiff by treating him less well, at least in

part, because of Plaintiff's disability, and/or perceived disability, by subjecting him to

adverse employment actions, harassing him, and creating a hostile work environment, in

violation of the NYCHRL.

93.    As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

94.    Due to Defendants' violations of the NYCHRL, Plaintiff is entitled to recover

back pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

95.    Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYCHRL.

## FOURTH CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## DISCRIMINATION UNDER THE NYCHRL
## (REASONABLE ACCOMMODATION)

96.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

97.    N.Y. City Admin. Code § 8-101 provides that:

> In the city of New York, with its great cosmopolitan
> population, there is no greater danger to the health, morals,
> safety and welfare of the city and its inhabitants than the
> existence of groups prejudiced against one another and
> antagonistic to each other because of their actual or
> perceived differences, including those based on…
> disability…

98.    At all relevant times herein, Plaintiff has had a physical, medical, mental, or

psychological impairment, as defined under N.Y. City Admin. Code § 8-102.

99.    At all relevant times herein, Plaintiff has had a history or record of a physical,

medical, mental, or psychological impairment, as defined under N.Y. City Admin. Code

§ 8-102.

100.    At all relevant times herein, Plaintiff was qualified for the position that he held,

having performed his job duties satisfactorily.

16

101.    At all relevant times herein, Plaintiff could, with a reasonable accommodation,

satisfy the essential requisites of his employment.

102.    At all relevant times herein, Defendants knew or should have known that Plaintiff

that Plaintiff was entitled to a reasonable accommodation to enable Plaintiff to satisfy the

essential requisites of his job.

103.    At all relevant times herein, Defendants would not have suffered an undue

hardship in its business operations if it had provided Plaintiff with a reasonable

accommodation.

104.    NYCHRL § 8-107(15) provides that:

> it is an unlawful discriminatory practice for any person
> prohibited by the provisions of this section from
> discriminating on the basis of disability not to provide a
> reasonable accommodation to enable a person with a
> disability to satisfy the essential requisites of a job or enjoy
> the right or rights in question provided that the disability is
> known or should have been known by the covered entity.

105.    The protections within the NYCHRL apply to Defendants and protect Plaintiff

against unlawful employment discrimination on the basis of disability and/or perceived

disability.

106.    Defendants discriminated against Plaintiff by failing to provide Plaintiff with a

reasonable accommodation for his disability, in violation of the NYCHRL.

107.    As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

108.    Due to Defendants' violations of the NYCHRL, Plaintiff is entitled to recover

back pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

17

109.   Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYCHRL.

### FIFTH CLAIM FOR RELIEF
### AGAINST DEFENDANTS FOR
### DISCRIMINATION UNDER THE NYCHRL
### (COOPERATIVE DIALOGUE)

110.   Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

111.   N.Y. City Admin. Code § 8-101 provides that:

> In the city of New York, with its great cosmopolitan
> population, there is no greater danger to the health, morals,
> safety and welfare of the city and its inhabitants than the
> existence of groups prejudiced against one another and
> antagonistic to each other because of their actual or
> perceived differences, including those based on…
> disability...

112.  At all relevant times herein, Plaintiff has had a physical, medical, mental, or

psychological impairment, as defined under N.Y. City Admin. Code § 8-102.

113.  At all relevant times herein, Plaintiff has had a history or record of a physical,

medical, mental, or psychological impairment, as defined under N.Y. City Admin. Code

§ 8-102.

114.  At all relevant times herein, Plaintiff was qualified for the position that he held,

having performed his job duties satisfactorily.

115.  NYCHRL § 8-107(28) provides that:

> Reasonable accommodation; cooperative dialogue.

> (a)  Employment. It shall be an unlawful discriminatory
> practice for an employer, labor organization or employment
> agency or an employee or agent thereof to refuse or
> otherwise fail to engage in a cooperative dialogue within a

18

> reasonable time with a person who has requested an
> accommodation or who the covered entity has notice may
> require such an accommodation... (2)      Related to a
> disability as provided in subdivision 15 of this section...

116.    The protections within the NYCHRL apply to Defendants and protect Plaintiff

against unlawful employment discrimination on the basis of disability and/or perceived

disability.

117.    Defendants discriminated against Plaintiff by failing to engage in a cooperative

dialogue within a reasonable time after Plaintiff requested a reasonable accommodation

for his disability, in violation of the NYCHRL.

118.    As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

119.    Due to Defendants' violations of the NYCHRL, Plaintiff is entitled to recover

back pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

120.     Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYCHRL.

### SIXTH CLAIM FOR RELIEF
### AGAINST DEFENDANTS FOR
### DISCRIMINATION UNDER THE NYCHRL
### (RELIGIOUS ACCOMMODATION)

121.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

122.    N.Y. City Admin. Code § 8-101 provides that:

> In the city of New York, with its great cosmopolitan
> population, there is no greater danger to the health, morals,
> safety and welfare of the city and its inhabitants than the
> existence of groups prejudiced against one another and

> antagonistic to each other because of their actual or
> perceived differences…

123.   NYCHRL § 8-107(3)(a) provides that:

> It shall be an unlawful discriminatory practice for an
> employer or an employee or agent thereof to impose upon a
> person as a condition of obtaining or retaining employment
> any terms or conditions, compliance with which would
> require such person to violate, or forego a practice of, such
> person's creed or religion, including but not limited to the
> observance of any particular day or days or any portion
> thereof as a sabbath or holy day or the observance of any
> religious custom or usage, and the employer shall make
> reasonable accommodation to the religious needs of such
> person. Without in any way limiting the foregoing, no person
> shall be required to remain at such person's place of
> employment during any day or days or portion thereof that,
> as a requirement of such person's religion, such person
> observes as a sabbath or other holy day, including a
> reasonable time prior and subsequent thereto for travel
> between such person's place of employment and such
> person's home, provided, however, that any such absence
> from work shall, wherever practicable in the judgment of the
> employer, be made up by an equivalent amount of time at
> some other mutually convenient time.

124.   At all relevant times herein, Defendants knew or should have known that Plaintiff

that Plaintiff was entitled to a reasonable accommodation so that Plaintiff would not

violate, or forego a practice of, a religious holy day or observance of a religious custom.

125.   At all relevant times herein, Defendants would not have suffered an undue

hardship in its business operations if it had provided Plaintiff with a reasonable

accommodation.

126.   At all relevant times herein, Plaintiff has been of the Jewish faith and has

observed its practices, observances, sabbath, holy days, and observance of religious

custom.

127.    Plaintiff requested a reasonable accommodation in the form of a day off from work to observe Shavout, for which no work is permitted.

128.    Defendants denied the reasonable accommodation.

129.    At all relevant times herein, Defendants knew or should have known that Plaintiff that Plaintiff was entitled to a reasonable accommodation to enable Plaintiff to satisfy his religious practices, observances, sabbath, holy days, and observance of religious customs.

130.    At all relevant times herein, Defendants would not have suffered an undue hardship in its business operations if it had provided Plaintiff with a reasonable accommodation.

131.    The protections within the NYCHRL apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of religion.

132.    Defendants discriminated against Plaintiff by imposing employment terms and conditions the compliance of which would require Plaintiff to violate, or forego a practice of, Plaintiff's religion.

133.    Defendants discriminated against Plaintiff failing to provide Plaintiff with a reasonable accommodation in connection with his religion, in violation of the NYCHRL.

134.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

135.    Due to Defendants' violations of the NYCHRL, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees and costs.

136.    Plaintiff hereby makes a claim against all Defendants under all the applicable paragraphs of the NYCHRL.

## SEVENTH CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## DISCRIMINATION UNDER THE NYSHRL
## (RELIGIOUS ACCOMMODATION)

137.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

138.    At all relevant times herein, Plaintiff has been of the Jewish faith and has

observed its practices, observances, sabbath, holy days, and observance of religious

custom.

139.    N.Y. Executive Law § 296(10) provides that:

> It shall be an unlawful discriminatory practice for any
> employer, or an employee or agent thereof, to impose upon
> a person as a condition of obtaining or retaining
> employment, including opportunities for promotion,
> advancement or transfers, any terms or conditions that would
> require such person to violate or forego a sincerely held
> practice of his or her religion, including but not limited to
> the observance of any particular day or days or any portion
> thereof as a sabbath or other holy day in accordance with the
> requirements of his or her religion or the wearing of any
> attire, clothing, or facial hair in accordance with the
> requirements of his or her religion, unless, after engaging in
> a bona fide effort, the employer demonstrates that it is unable
> to reasonably accommodate the employee's or prospective
> employee's sincerely held religious observance or practice
> without undue hardship on the conduct of the employer's
> business.

140.    In or around June 3, 2022, Plaintiff requested a reasonable accommodation in the

form of a day off from work to observe Shavout, for which no work is permitted, and

Defendants refused to grant Plaintiff's request.

141.    Shavout is considered a major Jewish holiday with Sabbath-like restrictions for

work, except for certain activities related to food preparation.

22

142.    At all relevant times herein, Defendants knew or should have known that Plaintiff was entitled to a reasonable accommodation so that Plaintiff would not violate or forego a sincerely held practice of his religion, including but not limited to the observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his religion.

143.    At all relevant times herein, Defendants would not have suffered an undue hardship in the conduct of its business operations if it had provided Plaintiff with a reasonable accommodation.

144.    At all relevant times herein, Plaintiff has been of the Jewish faith and has observed its practices, observances, sabbath, holy days, and observance of religious custom.

145.    At all relevant times herein, Defendants knew or should have known that Plaintiff that Plaintiff was entitled to a reasonable accommodation to enable Plaintiff to satisfy his religious practices, observances, sabbath, holy days, and observance of religious customs.

146.    At all relevant times herein, Defendants would not have suffered an undue hardship in its business operations if it had provided Plaintiff with a reasonable accommodation.

147.    The protections within the NYCHRL apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of religion.

148.    Defendants discriminated against Plaintiff by imposing employment terms and conditions the compliance of which would require Plaintiff to violate, or forego a practice of, Plaintiff's religion.

149.    Defendants discriminated against Plaintiff failing to provide Plaintiff with a

reasonable accommodation in connection with his religion, in violation of the NYSHRL.

150.    As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

151.    Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover

compensatory and punitive damages, reasonable attorneys' fees and costs.

152.    Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYSHRL.

**EIGHTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS FOR**
**DISCRIMINATION UNDER THE**
**NEW YORK CITY HUMAN RIGHTS LAW**
**(INTERFERENCE)**

153.    Plaintiff repeats and re-alleges each and every allegation made in the above

paragraphs in this complaint.

154.    N.Y. City Admin. Code § 8-101 provides that:

> In the city of New York, with its great cosmopolitan
> population, there is no greater danger to the health, morals,
> safety and welfare of the city and its inhabitants than the
> existence of groups prejudiced against one another and
> antagonistic to each other because of their actual or
> perceived differences, including those based on…
> disability…

155.    NYCHRL § 8-107(19) provides that:

> It shall be an unlawful discriminatory practice for any person
> to coerce, intimidate, threaten or interfere with, or attempt to
> coerce, intimidate, threaten or interfere with, any person in
> the exercise or enjoyment of, or on account of his or her
> having aided or encouraged any other person in the exercise

or enjoyment of, any right granted or protected pursuant to
this section.

156.    Defendants unlawfully discriminated against the Plaintiff by interfering with his

protected rights.

157.    Defendants' NYCHRL violations have caused Plaintiff irreparable harm for

which there is no adequate remedy at law.

158.    As a direct and proximate result of Defendants' unlawful discriminatory conduct

and harassment in violation of the NYCHRL, Plaintiff has suffered and continues to

suffer severe mental anguish and emotional distress for which he is entitled to an award

of monetary damages and other relief, to the greatest extent permitted by law, in addition

to reasonable attorneys' fees and costs.

159.    Due to Defendants' violations of the NYCHRL, Plaintiff is entitled to recover

compensatory and punitive damages, reasonable attorneys' fees and costs.

160.    Defendants' unlawful discriminatory actions constitute malicious, willful and

wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive

damages.

161.    Plaintiff hereby makes a claim against Defendants under all applicable paragraphs

of the NYCHRL.

## NINTH CLAIM FOR RELIEF
### AGAINST DEFENDANTS FOR
### DISCRIMINATION UNDER THE NYHHRL
### (DISCRIMINATION)

162.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

163.    N.Y. Executive Law § 291 provides that:

> The opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability, is hereby recognized as and declared to be a civil right.

164.    At all relevant times herein, Plaintiff has had a "disability" within the meaning of

N.Y. Executive Law § 292(21).

165.    At all relevant times herein, Plaintiff has had a physical, medical, mental, or

psychological impairment, which prevents the exercise of a normal bodily function or is

demonstrable by medically accepted clinical or laboratory diagnostic techniques, as

defined under N.Y. Executive Law § 292(21).

166.    At all relevant times herein, Plaintiff has had a history or record of a physical,

medical, mental, or psychological impairment, as defined under N.Y. Executive Law §

292(21).

167.    At all relevant times herein, Plaintiff has a condition regarded by others as an

impairment, as defined under N.Y. Executive Law § 292(21).

168.    At all relevant times herein, Plaintiff, with a reasonable accommodation, was able

to perform in a reasonable manner the activities involved in the job Plaintiff held.

169.    N.Y. Executive Law § 296(1)(a) provides that it is unlawful:

> For an employer… because of an individual's… disability… to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

170.    N.Y. Executive Law § 300 provides that the NYSHRL:

> shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have

26

> been so construed. Exceptions to and exemptions from the provisions of this article shall be construed narrowly in order to maximize deterrence of discriminatory conduct. The protections within the NYSHRL apply to Defendants and protect Plaintiff against unlawful employment discrimination on the basis of disability.

171.   The protections within the NYSHRL and supporting regulations apply to

Defendants and protect Plaintiff against unlawful employment discrimination on the basis

of disability and/or perceived disability.

172.   Defendants discriminated in the terms, conditions, and privileges of employment

on the basis of disability and/or perceived disability, in violation of N.Y. Executive Law

§ 296(1).

173.   As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

174.   Due to Defendants' violations of the NYSHRL, Plaintiff is entitled recover back

pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

175.   Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYSHRL.

**TENTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS**
**UNDER THE NYSHRL**
**(HARASSMENT)**

176.   Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

177.   N.Y. Executive Law § 291 provides that:

> The opportunity to obtain employment without discrimination because of age, race, creed, color, national

27

> origin, sexual orientation, gender identity or expression,
> military status, sex, marital status, or disability, is hereby
> recognized as and declared to be a civil right.

178.    At all relevant times herein, Plaintiff has had a "disability" within the meaning of

N.Y. Executive Law § 292(21).

179.    At all relevant times herein, Plaintiff has had a physical, medical, mental, or

psychological impairment, which prevents the exercise of a normal bodily function or is

demonstrable by medically accepted clinical or laboratory diagnostic techniques, as

defined under N.Y. Executive Law § 292(21).

180.    At all relevant times herein, Plaintiff has had a history or record of a physical,

medical, mental, or psychological impairment, as defined under N.Y. Executive Law §

292(21).

181.    At all relevant times herein, Plaintiff has a condition regarded by others as an

impairment, as defined under N.Y. Executive Law § 292(21).

182.    At all relevant times herein, Plaintiff, with a reasonable accommodation, was able

to perform in a reasonable manner the activities involved in the job Plaintiff held.

183.    N.Y. Executive Law § 296(1)(h) provides that it is unlawful:

> For an employer… to subject any individual to harassment
> because of an individual's… disability… regardless of
> whether such harassment would be considered severe or
> pervasive under precedent applied to harassment claims.
> Such harassment is an unlawful discriminatory practice
> when it subjects an individual to inferior terms, conditions
> or privileges of employment because of the individual's
> membership in one or more of these protected categories.
> The fact that such individual did not make a complaint about
> the harassment to such employer… shall not be
> determinative of whether such employer… shall be liable.
> Nothing in this section shall imply that an employee must
> demonstrate the existence of an individual to whom the
> employee's treatment must be compared.

184.   N.Y. Executive Law § 300 provides that the NYSHRL:

> shall be construed liberally for the accomplishment of the
> remedial purposes thereof, regardless of whether federal
> civil rights laws, including those laws with provisions
> worded comparably to the provisions of this article, have
> been so construed. Exceptions to and exemptions from the
> provisions of this article shall be construed narrowly in order
> to maximize deterrence of discriminatory conduct. The
> protections within the NYSHRL apply to Defendants and
> protect Plaintiff against unlawful employment
> discrimination on the basis of disability.

185.   The protections within the NYSHRL apply to Defendants and protect Plaintiff

against unlawful harassment on the basis of disability and/or perceived disability.

186.   Defendants engaged in unlawful discriminatory practices in violation of N.Y.

Executive Law § 296(1)(h) by harassing Plaintiff based on Plaintiff's disability and/or

perceived disability.

187.   As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

188.   Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover

back pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

189.   Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYSHRL.

**ELEVENTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS**
**UNDER THE NYSHRL**
**(REASONABLE ACCOMMODATION)**

190.   Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

191.    N.Y. Executive Law § 291 provides that:

> The opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability, is hereby recognized as and declared to be a civil right.

192.    At all relevant times herein, Plaintiff has had a "disability" within the meaning of

N.Y. Executive Law § 292(21).

193.    At all relevant times herein, Plaintiff has had a physical, medical, mental, or

psychological impairment, which prevents the exercise of a normal bodily function or is

demonstrable by medically accepted clinical or laboratory diagnostic techniques, as

defined under N.Y. Executive Law § 292(21).

194.    At all relevant times herein, Plaintiff has had a history or record of a physical,

medical, mental, or psychological impairment, as defined under N.Y. Executive Law §

292(21).

195.    At all relevant times herein, Plaintiff has a condition regarded by others as an

impairment, as defined under N.Y. Executive Law § 292(21).

196.    At all relevant times herein, Plaintiff, with a reasonable accommodation, was able

to perform in a reasonable manner the activities involved in the job Plaintiff held.

197.    N.Y. Executive Law § 296(3) provides that it is unlawful:

> It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program.

198.    N.Y. Executive Law § 300 provides that the NYSHRL:

shall be construed liberally for the accomplishment of the
remedial purposes thereof, regardless of whether federal
civil rights laws, including those laws with provisions
worded comparably to the provisions of this article, have
been so construed. Exceptions to and exemptions from the
provisions of this article shall be construed narrowly in order
to maximize deterrence of discriminatory conduct.   The
protections within the NYSHRL apply to Defendants and
protect    Plaintiff    against    unlawful    employment
discrimination on the basis of disability.

199.    The protections within the NYSHRL apply to Defendants and protect Plaintiff

against unlawful discrimination on the basis of disability and/or perceived disability.

200.    Defendants engaged in unlawful discriminatory practices in violation of N.Y.

Executive Law § 296(3) by refusing to provide Plaintiff with a reasonable

accommodation to the disabilities known to Defendants.

201.    As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

202.    Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover

back pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

203.    Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYSHRL.

**TWELFTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS**
**UNDER THE NEW YORK CITY HUMAN RIGHTS LAW**
**(RETALIATION)**

204.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

205.    NYCHRL § 8-107(7) provides that:

> It shall be an unlawful practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate against any person because such person has (1) opposed any practice forbidden under this chapter … The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment … or in a materially adverse change in the terms and conditions of employment … provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity.

206.    Defendants engaged in unlawful discriminatory practices in violation of

NYCHRL § 8-107(7).

207.    Plaintiff hereby makes a claim against Defendants under all the applicable

paragraphs of the New York City Human Rights Law, NYC Administrative Code, Title

8.

208.    As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

209.    Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover

back pay, compensatory and punitive damages, reasonable attorneys' fees and costs.

210.    Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYSHRL.

**THIRTEENTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS**
**UNDER NEW YORK STATE HUMAN RIGHTS LAW**
**(RETALIATION)**

211.    Plaintiff repeats and re-alleges each and every allegation made in the above

paragraphs in this complaint.

212.    N.Y. Executive Law § 291 provides that:

> The opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability, is hereby recognized as and declared to be a civil right.

213.    The NYSHRL, Executive Law, Article 15, § 296(1)(e) provides that it shall be an

unlawful discriminatory practice:

> For any employer... to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

214.    Defendants engaged in unlawful discriminatory practices under NYSHRL,

Executive Law, Article 15, § 296(a) by retaliating against Plaintiff due to his engagement

in activities protected under NYSHRL.

215.    As a direct and proximate result of Defendants' unlawful discriminatory conduct,

in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress.

216.    Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover

back pay, compensatory and punitive damages, reasonable attorneys' fees and cost.

217.    Plaintiff hereby makes a claim against all Defendants under all the applicable

paragraphs of the NYSHRL.

## FOURTEENTH CLAIM FOR RELIEF
### AGAINST DEFENDANTS FOR INTERFERENCE UNDER THE FMLA
### (INTERFERENCE)

218.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs in this complaint.

219.    At all relevant times herein, Plaintiff had a serious health condition, as defined

under 29 U.S.C. § 2611(11).

220.    At all relevant times herein, Plaintiff was an eligible employee under the FMLA,

having worked for Defendants for at least 12 months and having completed 1,250 hours

of service during the 12-month period preceding any leave requests.

221.    At all relevant times herein, Defendants are each individually and collectively an

employer as defined by the FMLA, employing 50 or more employees within a 75-mile

radius of Plaintiff's worksite.

222.    At all relevant times herein, Plaintiff provided Defendants with adequate notice of

his intention to take FMLA leave, as required under the FMLA and its implementing

regulations.

223.    At all relevant times, Plaintiff was entitled to take leave under the FMLA for his

own serious health condition.

224.    At all relevant times, Plaintiff provided Defendants with adequate notice of his

intention to take FMLA leave, as required under the FMLA and implementing

regulations.

225.    The codes of federal regulations concerning employer notice requirements and/or

obligations contained within 29 C.F.R. § 825.300(a)(b)(1), provide, in part:

> When an employee requests FMLA leave, or when the
> employer acquires knowledge that an employee's leave may
> be for an FMLA-qualifying reason, the employer must notify
> the employee of the employee's eligibility to take FMLA
> leave within five business days, absent extenuating
> circumstances.

226.    Defendants interfered with Plaintiff's rights under the FMLA by denying

Plaintiff's request for leave and discouraging Plaintiff from taking FMLA leave.

227.    The FMLA, as amended, 29 U.S.C. § 2615(a)(1), makes it unlawful for:

> any employer to interfere with, restrain, or deny the exercise
> or the attempt to exercise, any right provided under this title

228.    Defendants interfered with, restrained, denied Plaintiff the exercise or attempt to exercise of his rights in violation of FMLA.

229.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the FMLA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

230.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the FMLA, Plaintiff has suffered economic harm by having to take FMLA qualifying leave without pay.

231.    Due to Defendants' violations of the FMLA, Plaintiff is entitled to recover back pay, liquidated, compensatory and punitive damages, reasonable attorneys' fees and costs.

232.    Plaintiff hereby makes a claim against all Defendants under all the applicable paragraphs of the FMLA.

**FIFTEENTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS**
**UNDER THE FMLA**
**(RETALIATION)**

233.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs in this complaint.

234.    At all relevant times herein, Plaintiff was qualified for the position that he held, having performed his job duties satisfactorily.

235.    At all relevant times herein, Plaintiff had a serious health condition, as defined under 29 U.S.C. § 2611(11).

236.    At all relevant times herein, Plaintiff was an eligible employee under the FMLA, having worked for Defendants for at least 12 months and having completed 1,250 hours of service during the 12-month period preceding any leave requests.

237.    At all relevant times herein, Defendants are each individually and collectively an employer as defined by the FMLA, employing 50 or more employees within a 75-mile radius of Plaintiff's worksite.

238.    At all relevant times herein, Plaintiff provided Defendants with adequate notice of his intention to take FMLA leave, as required under the FMLA and its implementing regulations.

239.    At all relevant times, Plaintiff was entitled to take leave under the FMLA for his own serious health condition.

240.    At all relevant times, Plaintiff provided Defendants with adequate notice of his intention to take FMLA leave, as required under the FMLA and implementing regulations.

241.    After Plaintiff requested FMLA leave, Defendants subjected Plaintiff to adverse employment action, including harassing him and threatening him with disciplinary action.

242.    The FMLA, as amended, 29 U.S.C. § 2615(a)(2), makes it unlawful for:

> any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title…

243.    Plaintiff was subjected to adverse employment action under circumstances giving rise to an inference of retaliatory intent.

244.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the FMLA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

245.    Due to Defendants' violations of the FMLA, Plaintiff is entitled to recover back pay, liquidated, compensatory and punitive damages, reasonable attorneys' fees and costs.

246.    Plaintiff hereby makes a claim against all Defendants under all the applicable paragraphs of the FMLA.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

    A.    Declaring that Defendants discriminated against Plaintiff on the basis of his disability, in violation of the Rehabilitation Act, ADA, NYCHRL, NYSHRL, and FMLA;

    B.    Declaring that Defendants discriminated against Plaintiff on the basis of his disability, and/or perceived disability, by failing to provide Plaintiff with reasonable accommodations, subjecting him to adverse employment actions, creating a hostile work environment, and harassing Plaintiff, in violation of the Rehabilitation Act, ADA, NYCHRL, and NYSHRL;

    C.    Declaring that Defendants interfered with Plaintiff's FMLA and NYCHRL rights;

    D.    Declaring that Defendants failed to engage in a cooperative dialogue in response to Plaintiff's request for a reasonable accommodation, in violation of the NYCHRL;

E.  Declaring that Defendants discriminated against Plaintiff on the basis of religion by refusing to provide Plaintiff with a reasonable accommodation, in violation of the NYCHRL and NYSHRL;

F.  Declaring that Defendants retaliated against Plaintiff in response to Plaintiff's engagement in protected activities, in violation of the NYCHRL, NYSHRL, and FMLA;

G.  Directing Defendants to provide Plaintiff with a reasonable accommodation;

H.  An injunction against Defendants and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

I.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

J.  Awarding liquidated damages;

K.  Awarding Plaintiff back pay and retroactive benefits;

L.  Granting Plaintiff a permanent injunction enjoining Defendants, its agents, successors and employees, and those acting on behalf of Defendants, from continuing to violate Plaintiff's protected rights;

M.  Awarding Plaintiff attorneys fees, costs, and expenses incurred in the prosecution of the action;

N.  Awarding Plaintiff Punitive Damages;

O.    Awarding Plaintiff such other and further relief as the Court may deem

equitable, just and proper to remedy Defendants' unlawful employment

practices.

### JURY DEMAND

Plaintiff hereby demands a jury of all issue to be tried.

Date:    January 30, 2025
         New York, New York

                    The Law Offices of
                    Fausto E. Zapata, Jr., P.C.

By:     _____

                    Fausto E. Zapata, Jr. (FZ 4957)
                    *Attorneys for Plaintiff Michael Greene*
                    277 Broadway, Suite 501
                    New York, NY 10007
                    Tel. (212) 766-9870