UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MICHAEL GREENE,

                  Plaintiff,

    -against-

THE CITY OF NEW YORK, THE CITY OF NEW
YORK DEPARTMENT OF SOCIAL SERVICES,
AND THE CITY OF NEW YORK HUMAN
RESOURCES ADMINISTRATION,

                  Defendants.

-----------------------------------------------------------------------X

Case No.  25 Civ. 0887 (ALC)
(RFT)

CONFIDENTIALITY
STIPULATION AND
~~PROPOSED~~ PROTECTIVE
ORDER

        **WHEREAS**, the parties to this action (the "Action"), Plaintiff Michael Greene ("Plaintiff")

and Defendants The City of New York, The City of New York Department of Social Services, and

The City of New York Human Resources Administration (collectively, "Defendants"), anticipate that

discovery will involve the production of documents and information that are confidential, proprietary,

or otherwise sensitive; and

        **WHEREAS**, this Action involves claims of employment discrimination, retaliation, and

failure to accommodate under federal, state, and local law, and discovery is expected to include

medical information, personnel files, internal investigatory materials, and other non-public personal

and business information; and

        **WHEREAS**, the parties, to facilitate discovery, have agreed to the terms of this Confidentiality

Stipulation and Proposed Protective Order ("Order") to govern the handling of such sensitive

materials; and

        **WHEREAS**, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall govern the designation and disclosure of documents and information in this Action:

1.    This Order shall apply to all information, documents, and tangible things produced or disclosed in this Action by any party or non-party, including but not limited to: initial disclosures, responses to discovery requests, deposition testimony and exhibits, affidavits, and any copies, excerpts, or summaries thereof. This includes materials in any format, whether paper or electronically stored information ("ESI").

2.    The types of materials that may be designated as confidential under this Order include, but are not limited to:

    a.    Plaintiff's complete personnel and employment files, including performance evaluations, disciplinary records, and compensation information;

    b.    Medical, psychiatric, or psychological records and communications concerning Plaintiff's health conditions, diagnoses, treatments, and requests for reasonable accommodation;

    c.    Personally Identifying Information ("PII"), as defined herein;

    d.    Defendants' internal investigatory files, including but not limited to EEO files, records concerning internal complaints, and documents related to Defendants' response to Plaintiff's EEOC charge;

    e.    Non-public policies, procedures, and training materials concerning Defendants' handling of reasonable accommodation requests, FMLA/medical leave, and employee discipline; and

    f.    Any other information that the designating party in good faith believes contains proprietary, trade secret, or other sensitive non-public commercial, financial, or

personal information.

3.    Given the nature of this Action, any documents or information reflecting Plaintiff's medical, psychiatric, or psychological condition, diagnoses, treatment, ergonomic or disability-related documentation, or Family and Medical Leave Act ("FMLA")–related certifications or records shall be presumptively designated "For Attorneys' or Experts' Eyes Only." The Parties may agree, or the Court may order, that particular documents within this category be designated only "CONFIDENTIAL" where appropriate, including to permit Plaintiff to review and use such documents directly.

4.    This Order does not govern the use or disclosure of information that is publicly available or obtained independently of discovery in this Action.

5.    Nothing in this Order shall be construed to create a presumption that any designated material will be filed with the Court under seal.

6.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be marked as "CONFIDENTIAL."

7.    The Confidential Information disclosed will be held and used by the person receiving such information solely for purposes of this action.

8.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility

of the Confidential Information. The party seeking to maintain a confidentiality or "For Attorneys' or Experts' Eyes Only" designation shall bear the burden of demonstrating, under Federal Rule of Civil Procedure 26(c) and applicable law, that the designation is warranted for the specific material at issue. Pending the Court's resolution of any such motion, the material shall continue to be treated in accordance with its existing designation.

9.     Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

     a.    The requesting party and counsel, including in-house counsel;

     b.    Employees of such counsel assigned to and necessary to assist in the litigation;

     c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

     d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." "For Attorneys' or Experts Eyes Only" shall mean a subset of Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be adequately avoided by less restrictive means. This designation shall be used sparingly and is intended to protect: (i) highly sensitive personal health information, including medical, psychiatric, or psychological records and diagnoses; (ii) Trade Secrets or other highly sensitive, non-public commercial, financial, or strategic information, the disclosure of which would result in competitive or business injury; and (iii) Defendants' internal investigatory files concerning non-party employees. Documents from Plaintiff's personnel file and Defendants' internal EEO and investigatory files related to

- 4 -

Plaintiff shall be designated at least as "CONFIDENTIAL." To the extent such documents contain (i) medical or mental-health information, (ii) personally identifying information of non-parties, or (iii) sensitive personal or disciplinary information concerning non-parties that is not directly relevant to the claims or defenses in this Action, those portions may be designated "For Attorneys' or Experts' Eyes Only." The Producing Party shall make reasonable efforts to redact non-party information that is not directly relevant before production.

10.     Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.     Inform the person of the confidential nature of the information or documents;

b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.     Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

11.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

12.     If Defendants receive a request, demand, or legal process (including but not limited to a request made pursuant to the New York Freedom of Information Law ("FOIL") or any other public-records statute) seeking disclosure of materials designated as "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" under this Order, Defendants

shall, to the extent permitted by law and practicable under the applicable response deadline:

    a.    promptly provide written notice to Plaintiff's counsel identifying the request, the categories of Designated Material at issue, and the requested response date; and

    b.    reasonably cooperate with Plaintiff in any effort to seek appropriate protection (including narrowing of the request, redaction, or other lawful means) for Plaintiff's medical information, FMLA/leave-related documentation, personnel information, and personally identifying information.

Nothing in this Order requires Defendants to violate any applicable disclosure obligation, but any disclosure of Designated Material in response to a public-records request shall, where feasible, be limited to what is legally required and made with appropriate redactions to protect Plaintiff and non-parties.

13.    In the event of any disclosure of material designated "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" to a person not authorized by this Order, the party or person responsible for the disclosure shall promptly notify the Producing Party and take reasonable steps to retrieve the material and prevent further unauthorized disclosure. Nothing in this Order limits the Court's authority to grant appropriate relief under applicable law in the event of a violation.

14.    With respect to deposition transcripts, a producing person or that person's counsel may designate such portion Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that

are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

15.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery will be redacted by the producing party. To the extent any PII is not redacted, it shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

16.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed. Within ten (10) business days

of the certification that the inadvertently disclosed information had been returned or destroyed, the producing party shall provide a privilege log with respect to the inadvertently disclosed information .

17.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

18.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

19.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

20.    This Stipulation and Order shall survive the termination of this Action, including any appeals, and remain in full force and effect unless modified by an order of this Court.

**SO STIPULATED AND AGREED.**

_____
Counsel for Plaintiff(s)

*Brandon Weisman*
_____
Counsel for Defendant(s)

Dated: March 30, 20 26
New York, New York

Dated: March 31, 2026
New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

- 8 -

**SO ORDERED:**

Hon. Robyn F. Tarnofsky Date:

_____

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICHAEL GREENE,

                        Plaintiff,

            -against-                                   Case No.  25 Civ. 0887 (ALC)
                                                        (RFT)

THE CITY OF NEW YORK, THE CITY OF NEW          NON-DISCLOSURE
YORK DEPARTMENT OF SOCIAL SERVICES,            AGREEMENT
AND THE CITY OF NEW YORK HUMAN
RESOURCES ADMINISTRATION,

                        Defendants.
-------------------------------------------------------------------------X


        I, _____, acknowledge that I have read and understand the

Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of

those portions of discovery material that have been designated as Confidential.  I agree that I will

not disclose such material to anyone other than for purposes of this litigation, and that at the

conclusion of the litigation I will either return all discovery material to the party or attorney from

whom I received it, or upon permission of the producing party, destroy such discovery material.

By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

Dated: _____, 20_


_____          _____
Name (printed)                          Signature

Signed in the presence of:

_____
(Attorney)